# Clement & Murphy
*PLLC*

February 14, 2025

**Via CM/ECF**

Christopher M. Wolpert
Clerk of Court
U.S. Court of Appeals for the Tenth Circuit
The Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257

      Re:    *Ortega v. Grisham*, No. 24-2121

Dear Mr. Wolpert:

      Plaintiffs-Appellants respectfully notify the Court of a recent decision by the U.S. Court of Appeals for the Fifth Circuit: *Reese v. ATF*, -- F.4th --, 2025 WL 340799 (5th Cir. Jan. 30, 2025), attached hereto.

      The Fifth Circuit directly addressed a question present here: whether restrictions on acquiring firearms regulate conduct that falls within the Second Amendment's text. Here, the state argues that the "text does not encompass the purchase or acquisition of new firearms," citing, among other things, *McRorey v. Garland*, 99 F.4th 831 (5th Cir. 2024). Dkt.38 at 21. The district court credited that argument, likewise relying on *McRorey*. App.1078-89. But *Reese* explains why that conclusion is wrong and misreads *McRorey*.

      For starters, "[b]ecause constitutional rights impliedly protect corollary acts necessary to their exercise," it follows that "the Second Amendment 'covers' the conduct" of "commercial [firearms] purchases." Ex.9. "To suggest otherwise proposes a world where citizens' constitutional right to 'keep and bear arms' excludes the most prevalent, accessible, and safe market used to exercise the right." Ex.9-10. And *McRorey* is not to the contrary; *Reese* reaffirms that, even under *McRorey*, "restrictions on [firearms] purchase" "can[not] evade *Bruen* analysis." Ex.10.n.2.

      *Reese* also openly splits from this Court's decision in *Rocky Mountain Gun Owners v. Polis*, which "h[e]ld that laws imposing conditions and qualifications on the sale and purchase of arms do not implicate the plain text of the Second Amendment," 121 F.4th 96, 120 (10th Cir. 2024) ("*RMGO*"), based on language in *District of Columbia v. Heller* "identify[ing]" "longstanding … laws imposing conditions and qualifications on the commercial sale of arms" as "presumptively lawful regulatory measures," 554 U.S. 570, 626-27 & n.26 (2008). As the Fifth Circuit explained, *RMGO* "commit[ted] a category error": a "regulatory measure" may be "presumptively lawful" if it is "not characterized by 'abuse,'" but that does not mean that it "is not an abridgement of the Second Amendment right." Ex.10.n.2. Although the Court need not reach the question here—because HB129

Mr. Christopher M. Wolpert, Clerk of Court
February 14, 2025
Page 2 of 2

is neither a condition nor a qualification on the commercial sale of arms—Plaintiffs agree with the Fifth Circuit.

                                                Respectfully submitted,

                                                <u>s/Erin E. Murphy</u>
                                                Erin E. Murphy
                                                CLEMENT & MURPHY PLLC
                                                706 Duke Street
                                                Alexandria, VA 22314
                                                (202) 742-8900
                                                erin.murphy@clementmurphy.com

Cc: All counsel of record (*via CM/ECF*)