

# State of New Mexico

Michelle Lujan Grisham
*Governor*

February 18, 2025

-VIA CM/ECF-

Christopher M. Wolpert, Clerk
United States Court of Appeals
for the Tenth Circuit
The Byron White Courthouse
1823 Stout Street
Denver, CO 80257

RE:     **Response to Notice of Supplemental Authority in *Ortega v. Lujan Grisham*, No.**
        **24-2121**

Dear Mr. Wolpert,

Defendants write in in response to Plaintiffs' submission of *Reese v. ATF*, --- F.4th ---, 2025 WL
340799 (5th Cir. Jan. 30, 2025), which struck down a federal law prohibiting federal firearms
licensees from selling handguns to eighteen-to-twenty-year-olds.

*Reese* is unhelpful for several reasons. To begin with, this Court is bound by *Rocky Mountain Gun
Owners v. Polis (RMGO)*, which held that a similar Colorado law did not implicate the Second
Amendment's plain text because it is a presumptively constitutional measure "imposing conditions
and qualifications on the commercial sale of arms." 121 F.4th 96, 119 (10th Cir. 2024) (quoting
*D.C. v. Heller*, 554 U.S. 570, 626-27 (2008)); *see United States v. Manzanares*, 956 F.3d 1220,
1225 (10th Cir. 2020) (stating that the Court is generally bound by the precedent of prior panels).

Even if this Court were not bound by *RMGO*, the Fifth Circuit's decision in *Reese* is an outlier and
unpersuasive. No other Court of Appeals has struck down the law at issue in *Reese*. And for good
reason, as the Fifth Circuit itself previously recognized that the federal law "is consistent with a
longstanding, historical tradition." *NRA v. ATF*, 700 F.3d 185, 203 (5th Cir. 2012); *see also NRA
v. Bondi*, 61 F.4th 1317, 1329 (11th Cir. 2023) (detailing historical justifications for similar state
law), *reh'g en banc granted, opinion vacated*, 72 F.4th 1346 (11th Cir. 2023). It is likely the
Supreme Court will reverse *Reese*, as it did the last time the Fifth Circuit struck down a
longstanding federal firearm law. *See United States v. Rahimi*, 602 U.S. 680 (2024).

Lastly, *Reese*'s analysis is entirely consistent with the district court's conclusion with regard to
NMSA 1978, § 30-7-7.3 (2024). New Mexico's short waiting period is more akin to the law at
issue in *McRorey v. Garland*, 99 F.4th 831 (5th Cir. 2024)—which the *Reese* court clarified was

State Capitol     •     Room 400     •     Santa Fe, New Mexico 87501     •     505-476-2200

permissible since it did not involve a "functional prohibition[] on keeping [arms]," *Reese*, 2025 WL 340799, at *5 n.2—than a law requiring eighteen-year-olds to wait three additional years to purchase a handgun.

Sincerely,

*/s/ Holly Agajanian*
Holly Agajanian
**CHIEF GENERAL COUNSEL**
Office of Governor Michelle Lujan Grisham
490 Old Santa Fe Trail, Suite 400
Santa Fe, New Mexico 87501
(505) 476-2200
holly.agajanian@exec.nm.gov

cc: All counsel of record (via CM/ECF)