

# State of New Mexico

Michelle Lujan Grisham
*Governor*

March 26, 2025

-VIA CM/ECF-

Christopher M. Wolpert, Clerk
United States Court of Appeals
for the Tenth Circuit
The Byron White Courthouse
1823 Stout Street
Denver, CO 80257

> RE: **Response to Notice of Supplemental Authority in *Ortega v. Lujan Grisham*, No. 24-2121**

Dear Mr. Wolpert,

Defendants write in in response to Plaintiffs' submission of *Yukutake v. Lopez*, 2025 WL 815429 (9th Cir. Mar. 14, 2025), in which a divided panel of the Ninth Circuit struck down portions of Hawaii's handgun licensing system. In so holding, the *Yukutake* majority held that the plain text of the Second Amendment protects the "acquisition" or "purchase" of firearms, and therefore all laws regulating such conduct must be justified under *Bruen*'s second step. *Id.* at \*\*11-12.

Plaintiffs' reliance on *Yukutake* is misplaced. For starters, this Court is bound by *Rocky Mountain Gun Owners v. Polis (RMGO)*, which held that "laws imposing conditions and qualifications on the sale and purchase of arms do not implicate the plain text of the Second Amendment." 121 F.4th 96, 120 (10th Cir. 2024)); *see United States v. Manzanares*, 956 F.3d 1220, 1225 (10th Cir. 2020) (stating that the Court is generally bound by the precedent of prior panels).

Even if this Court were not bound by *RMGO*, it should reject *Yukutake*. The *Yukutake* majority conflates a pre-*Bruen* Ninth Circuit decision's "acknowledgment of a relationship between the possession and acquisition of arms . . . with an affirmative holding that the two activities are protected to the same extent." *Id.* at \*29 (Bea, J., dissenting). Further, the majority's strained logic contradicts clear indications from the Supreme Court and more recent Ninth Circuit precedent concluding that "that commercial restrictions presumptively do not implicate the plain text of the Second Amendment at the first step of the *Bruen* test." *Id.* at \*30 (quoting *B&L Productions, Inc. v. Newsom*, 104 F.4th 108, 119 (9th Cir. 2024)).

Under the majority's reasoning, any government regulation of firearm sales—no matter how small—is presumptively invalid, resulting "a regime of tight supervision over state gun laws, in

which the Federal Judiciary is required to police the minutiae of every state firearm licensing system across the Nation." *Id.* at *25 (Bea, J., dissenting). Thus, *Yukutake* transforms the Second Amendment into the very "regulatory straightjacket" the Supreme Court has cautioned against. This Court should (continue to) reject such an unwarranted and untenable conclusion.

Sincerely,

*/s/ Holly Agajanian*
Holly Agajanian
**CHIEF GENERAL COUNSEL**
Office of Governor Michelle Lujan Grisham
490 Old Santa Fe Trail, Suite 400
Santa Fe, New Mexico 87501
(505) 476-2200
holly.agajanian@exec.nm.gov

cc: All counsel of record (via CM/ECF)