

# State of New Mexico

Michelle Lujan Grisham
*Governor*

May 14, 2025

Christopher M. Wolpert, Clerk
United States Court of Appeals
for the Tenth Circuit
Byron White Court House
1823 Stout Street
Denver, CO 80257

      RE:    Notice of Supplemental Authority in *Ortega v. Lujan Grisham*, No. 24-2121

Dear Mr. Wolpert,

Defendants respectfully notify the Court of the recently issued decision, *United States v. Duarte*, --- F.4th ---, 2025 WL 1352411 (9th Cir. May 9, 2025). In *Duarte*, the Ninth Circuit en banc court held that 18 U.S.C. § 922(g)(1), the federal felon in possession of a firearm statute, was constitutional as applied to non-violent felons. In applying a historical analysis, the court identified "a historical tradition of disarming 'categories of persons thought by a legislature to present a special danger of misuse.'" *Duarte*, 2025 WL 1352411, at *12 (quoting *United States v. Rahimi*, 602 U.S. 680, 698 (2024)). Specifically, the court credited, *inter alia*, laws ranging from the 1600's to the late 1800's disarming groups such as non-Anglican Protestants, Catholics, Native Americans, free Black people, those who refused to swear loyalty oaths, minors, and "tramps." *See id.* at **12-13.

The court acknowledged: "To be clear, these laws reflect overgeneralized and abhorrent prejudices that would not survive legal challenges today. And many of these laws would likely be unconstitutional today under other parts of the Constitution." *Id.* Nonetheless, the court concluded, "[T]hese laws are reflective of American history and tradition. And our historical tradition reveals that legislatures were permitted to categorically disarm those they deemed dangerous without having to perform an individualized determination of dangerousness as to each person in a class of prohibited persons." *Id.* (cleaned up). The court held that § 922(g)(1) fit within this tradition.

*Duarte* demonstrates that courts may rely on laws such as the group-based sales restrictions the district court relied upon in this case to support an otherwise constitutional modern regulation like New Mexico's waiting period—contrary to Plaintiffs' arguments. *See* Aplt. Reply Br. at 21-22. Here, New Mexico made the judgment that firearm sellers should not immediately transfer a purchased firearm to those who are not federally licensed firearm dealers, law enforcement, or

concealed carry permit holders since they may present a special danger of impulsive firearm violence. Defendants agree with the Ninth Circuit's reasoning and conclusion, which supports the district court's holding that the waiting period is constitutional under *Bruen*'s second step.

        Sincerely,

*/s/ Holly Agajanian*
Holly Agajanian
**CHIEF GENERAL COUNSEL**
Office of Governor Michelle Lujan Grisham
490 Old Santa Fe Trail, Suite 400
Santa Fe, New Mexico 87501
(505) 476-2200
holly.agajanian@exec.nm.gov

cc: All counsel of record (via CM/ECF)