**Clement & Murphy**
PLLC

May 16, 2025

**Via CM/ECF**

Christopher M. Wolpert
Clerk of Court
U.S. Court of Appeals for the Tenth Circuit
The Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257

      Re:    *Ortega v. Grisham*, No. 24-2121

Dear Mr. Wolpert:

      At oral argument, the state asserted that "odious and racist" laws prohibiting slaves and Native Americans from keeping arms provide "sufficient" basis "to uphold" HB129. Oral.Arg.32:32-33:46. The state now doubles down on these racist laws in a letter that is as remarkable as it is self-defeating. In no other context would the state even think to rely on Slave Codes as support for restricting the exercise of a fundamental right. That it sees no problem doing so here confirms the root problem: To New Mexico, the Second Amendment is second class.

      In reality, the state's letter confirms that HB129 is unconstitutional. The Supreme Court has been explicit that "our Nation's tradition of firearm regulation distinguishes citizens who have been found to pose a credible threat to the physical safety of others from those who have not." *United States v. Rahimi*, 602 U.S. 680, 700 (2024). Efforts to "broadly restrict arms use," *id.* at 698, even by those who have passed a background check confirming that they "are, in fact, law-abiding, responsible persons," *Rocky Mountain Gun Owners v. Polis*, 121 F.4th 96, 127 (10th Cir. 2024), fly in the face of that tradition. Yet that is precisely what HB129 does. It imposes a waiting period not to facilitate an effort to determine who poses a credible threat, or to keep firearms out of the hands of those found to do so, but simply to make people wait before they can exercise a fundamental right.

      The state tries to recast HB129 as targeting only "those who are not federally licensed firearm dealers, law enforcement, or concealed carry permit holders." Dkt.78 at 1-2. But it fails to explain why a background check is good enough to confirm that *those* groups do not "present a special danger of misuse," *Rahimi*, 602 U.S. at 698, but not good enough for everyone else. The state's letter thus lays bare that HB129 is premised on distrust of citizens who wish to exercise a fundamental right, even when the state has no individualized basis whatsoever for that distrust. That is a classic law put toward abusive ends.

Mr. Christopher M. Wolpert, Clerk of Court
May 16, 2025
Page 2 of 2

                                                Respectfully submitted,

                                                s/Matthew D. Rowen
                                                Matthew D. Rowen
                                                CLEMENT & MURPHY PLLC
                                                706 Duke Street
                                                Alexandria, VA 22314
                                                (202) 742-8900
                                                matthew.rowen@clementmurphy.com

Cc: All counsel of record (*via CM/ECF*)