

# State of New Mexico

Michelle Lujan Grisham
*Governor*

September 4, 2025

Christopher M. Wolpert, Clerk
United States Court of Appeals
for the Tenth Circuit
Byron White Court House
1823 Stout Street
Denver, CO 80257

      **RE:**    **Notice of Supplemental Authority in *Ortega v. Lujan Grisham*, No. 24-2121**

Dear Mr. Wolpert,

Defendants notify the Court of *United States v. Morgan*, --- F.4th ---, 2025 WL 2502968 (10th Cir. Sept. 2, 2025), in which this Court upheld 18 U.S.C. 922(o) as constitutional.

As relevant to this case, *Morgan* discussed the holding in *Rocky Mountain Gun Owners v. Polis*, 121 F.4th 96 (10th Cir. 2024) (*RMGO*). The Court explained that *RMGO* "uph[e]ld a Colorado law that prohibited the sale of a firearm to, or the purchase of a firearm by, a person under the age of 21" as "'an aged-based condition or qualification on the sale of arms' that 'falls outside of the scope of the Second Amendment's right to "keep and bear" arms' ***because the law regulates the 'selling and purchasing [of] firearms,'*** and such 'commercial restrictions' are presumptively lawful, and because the law does not serve abusive ends." *Morgan*, 2025 WL 2502968, at *3 (quoting *RMGO*, 121 F.4th at 119-20, 22-27) (emphasis added).

The emphasized language confirms Defendants' understanding of *RMGO*. As Defendants explained, *RMGO* held that a law is a presumptively constitutional commercial regulation if "it regulates the selling and purchasing of firearms." Defendants/Appellees' Corrected Answer Brief at 30. The panel here was obligated to apply this holding to the waiting period. *See United States v. Baker*, 49 F.4th 1348, 1358 (10th Cir. 2022) (Holmes, J.). The majority's creation of a different, contradictory analysis fractures the uniformity of this Court's decisions.

Is a law presumptively lawful because it "regulates the 'selling and purchasing [of] firearms,'" *Morgan*, 2025 WL 2502968, at *3 (quoting *RMGO*, 121 F.4th at 119-20), or is it presumptively lawful only if it is "tailored" to regulating "commercial" firearm sales and imposes a "condition" or requires a "qualification" that meets a specific dictionary definition of those terms? *Ortega v.*

*Lujan Grisham*, --- F.4th ---, 2025 WL 2394646, at **8-9 (10th Cir. Aug. 19, 2025). Judges, governments, and citizens in this Circuit cannot answer this question without this Court stepping in to decide the matter en banc. Defendants respectfully urge the Court to do so now.

    Sincerely,

    */s/ Holly Agajanian*
    Holly Agajanian
    **CHIEF GENERAL COUNSEL**
    Office of Governor Michelle Lujan Grisham
    490 Old Santa Fe Trail, Suite 400
    Santa Fe, New Mexico 87501
    (505) 476-2200
    holly.agajanian@exec.nm.gov

cc: All counsel of record (via CM/ECF)