**No. 24-2121**

---

## UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

---

SAMUEL ORTEGA and REBECCA SCOTT,
*Plaintiffs-Appellants,*

v.

MICHELLE LUJAN GRISHAM, in her official capacity as Governor
of New Mexico, and RAUL TORREZ, in his official capacity as
Attorney General of New Mexico,
*Defendants-Appellees.*

---

On Appeal from the U.S. District Court for the District of New Mexico
(No. 1:24-cv-00471)
The Honorable James O. Browning

---

## MOTION FOR LEAVE TO FILE AN AMICUS CURIAE BRIEF
## OF BRADY CENTER TO PREVENT GUN VIOLENCE AND
## GIFFORDS LAW CENTER TO PREVENT GUN VIOLENCE

---

Scott L. Winkelman
Crowell & Moring LLP
1001 Pennsylvania Ave.,
NW Washington, DC 20002
Phone: (202) 624-2500
swinkelman@crowell.com

Harry Cohen
Joshua Sohn
Crowell & Moring LLP
375 Ninth Ave
New York, NY 10001
Phone: (212) 223-4000

Nicholas W. Dowd
Amy M. Pauli
CROWELL & MORING LLP
1601 Wewatta St., Suite 815
Denver, CO 80202
Phone: (303) 524-8660

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Fed. R. App. P. 26.1, amici curiae the Brady Center to Prevent Gun Violence ("Brady") and Giffords Law Center to Prevent Gun Violence ("Giffords Law Center") state that they are 501(c)(3) nonprofit organizations. Brady and Giffords Law Center do not have any parent corporations and no publicly traded stock. No publicly held corporation owns any part of amici curiae.

/s/ Scott L. Winkelman
Scott L. Winkelman

**MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF**

Pursuant to Fed. R. App. P. 29(b)(3), Brady and the Giffords Law Center ("Amici") respectfully request this Court grant them leave to file a brief as amicus curiae in support of the Defendants-Appellees' petition for *en banc* rehearing. Plaintiffs-Appellants and Defendants-Appellees have consented to Amici's request for leave to file an amicus brief. Amici have an interest in the petition for *en banc* rehearing and their proposed brief will aid the Court in deciding whether rehearing should be granted. Fed. R. App. P. 29(a)(3), (b)(3).

## I. Amici Have A Substantial Interest In Having This Matter Reheard *En Banc*.

As organizations dedicated to reducing gun violence through research, advocacy, and political action, Amici have a profound interest in the Court's determination of whether to grant *en banc* rehearing in this matter, where a divided panel decided that New Mexico's common-sense law establishing a seven-day waiting period on certain firearm sales violates the Second Amendment. The panel's decision conflicts with this Court's prior treatment of similar gun regulations and creates significant confusion regarding the permissible actions state and federal governments can take to address an ongoing public health crisis.

Amici routinely appear as amicus curiae in cases involving Second Amendment challenges to firearm laws and regulations, including this case and others like it in the Tenth Circuit. Amici submitted a brief in support of Defendants-Appellees here explaining why the panel should affirm the district court's thorough and well-reasoned decision to deny an injunction of New Mexico's waiting period law. *See* Dkt. No. 56. Brady also submitted an amicus brief in *Rocky Mountain Gun Owners v. Polis*, 121 F.4th 96 (10th Cir. 2024) ("*RMGO*") and even more recently, Amici submitted an amicus brief in *United States v. Morgan. See United States v. Morgan*, No. 24-3141, (10th Cir. Dec. 19, 2024).

## II.    Amici's Brief Will Aid The Court In Deciding Whether To Grant Rehearing En Banc.

Amici are uniquely qualified to aid this Court's decision in this matter and will be additive to defendants-appellees' petition in several ways. *First,* Brady is the nation's oldest gun violence prevention group. It has been steeped in in the research, science, advocacy and policy making surrounding gun violence and legislation for over five decades. Giffords Law Center has worked to reduce gun violence for over 30 years and is equally engaged with the country's foremost experts on gun laws and understanding of this sensitive and critical issue facing the public.

2

Together, Amici's proposed brief discusses the ways in which the panel's decision here implicates questions of substantial public importance. 10th Cir. R. 40.1(B). The brief addresses the epidemic of gun violence in New Mexico and beyond and describes the scientific research finding that waiting period laws, which have been implemented across the nation, directly reduce gun violence. This understanding goes directly to why the panel's decision that a law establishing a brief waiting period violates the Second Amendment is a matter of extreme public interest and safety.

*Second*, the Amici's brief explains how the panel's decision creates an intra-circuit split as to what types of regulations and actions states may take when promulgating firearm regulations. As explained in the brief, this Court has previously upheld that a class of people (those under 21 years old) can be required to wait until turning 21 years old to purchase or sell a firearm. *RMGO*, 121 F.4th at 104. And post the panel's decision in this matter, *RMGO's* methodology was upheld by this Court in *Morgan*, --- F.4th ---, No. 24-3141, 2025 WL 2502968 (10th Cir. Sept. 2, 2025) to find that possession of machine guns, whether through sales or otherwise, is conduct not protected by the Second Amendment. *Id.* at *4-5 (citing *RMGO*, 121 F.4th at 113-14). The brief explains why *en banc*

3

rehearing is critical to help lawmakers and states across the country understand how to chart a path forward to end gun violence. District courts and legislatures alike rely on clear guidance from this Court and other circuit courts in developing and analyzing firearm laws.

*Third*, Amici's proposed brief addresses why the panel's decision has concerning and significant implications for how courts should weigh an alleged restriction on a constitutional right when analyzing the irreparable injury prong of the preliminary injunction standard. The panel's decision found that the alleged harm of waiting seven days under New Mexico's waiting period law before acquiring a purchased firearm for "camping" and "protection" was a harm rising to the level of irreparable injury. As discussed in the brief, the panel's decision raises questions of exceptional importance because the panel's decision lowers the bar for showing irreparable harm, which departs from longstanding precedent in this circuit and across the nation. This issue alone will confuse district courts and states grappling with challenges to firearm regulations across the country and warrants a rehearing *en banc*.

4

## CONCLUSION

For these reasons, the Court should grant Amici's motion for leave to file an amicus curiae brief in support of Defendants-Appellees' petition for rehearing *en banc*.

Respectfully submitted,

/s/ Scott L. Winkelman
Scott L. Winkelman
Crowell & Moring LLP
1001 Pennsylvania Ave.,
NW Washington, DC 20002
Phone: (202) 624-2500
swinkelman@crowell.com

Harry Cohen
Joshua Sohn
Crowell & Moring LLP
375 Ninth Ave
New York, NY 10001
Phone: (212) 223-4000

Nicholas W. Dowd
Amy M. Pauli
CROWELL & MORING LLP
1601 Wewatta St., Suite 815
Denver, CO 80202
Phone: (303) 524-8660

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation contained in Fed. R. App. P. 27(d)(2)(A) because, excluding the portions exempted by Rule 32(f), this brief contains 837 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2019 in 14-point Century Schoolbook.

/s/ Scott L. Winkelman
Scott L. Winkelman

## CERTIFICATE OF DIGITAL SUBMISSION

I hereby certify that with respect to the foregoing motion:

(1) all required privacy redactions have been made pursuant to 10th Cir. R. 25.5;

(2) if required to file additional hardcopies, that this ECF submission is an exact copy of those documents;

(3) this digital submission has been scanned for viruses with the most recent version of Microsoft Defender, and according to the program is free of viruses.

/s/ Scott L. Winkelman
Scott L. Winkelman

## CERTIFICATE OF SERVICE

I certify that on September 9, 2025, I electronically filed the foregoing with the Clerk of Court for the U.S. Court of Appeals for the Tenth Circuit through the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ Scott L. Winkelman
Scott L. Winkelman